UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA GANHEART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9703** |
| **XAVIER UNIVERSITY OF LOUISIANA** | **SECTION "S" (3)** |

**ORDER AND REASONS**

Before the Court is an application for appointment of counsel pursuant to 42 U.S.C. 2000e-5(f)(1) filed by *pro se* plaintiff, Brenda Ganheart ("Ganheart"). Plaintiff was at all pertinent times employed by Xavier University of Louisiana. Plaintiff's EEOC charge alleges that she is a victim discrimination in violation of Title VII (race, color, sex). In addition she alleges both reprisal and equal pay violations. Plaintiff alleges that the reason given for the termination of her COE grant funded part-time library position effective June 30, 2005 was false and that the real reason for her termination was reprisal and unfair discrimination, *inter alia*. Plaintiff alleges that she has since acquired official documentation which contradicts the stated reason for her termination (*i.e.*, termination of grant funding).

On January 22, 2008, the undersigned Magistrate Judge conducted a telephone hearing on plaintiff's request for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the premises, DENIES petitioner's application for appointment of counsel for the following reasons.

The Court's power to "appoint counsel" is derived from Title VII. Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case.[1] Unlike a

---

[1] *See Caston v. Sears, Roebuck and Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).

criminal defendant, an indigent civil rights litigant, even if incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."[2] Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.[3] The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.[4] The plaintiff bears the burden of persuasion as to the *necessity* of such an appointment.[5]

The evidence which must be adduced includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations. Plaintiff is presently making efforts to secure counsel but has not yet heard back from two of the attorneys contacted about taking her case. Even assuming that plaintiff had exhausted all avenues in her effort to retain counsel, this Court is not convinced that the plaintiff's situation justifies the special benefit of having counsel appointed to represent her.

In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation

---

[2] *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[3] *See Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990).

[4] *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon v. Corpus Christi Independent School Dist.*, 911 F.2d 1165, 1166 (5th Cir.1990).

[5] *See Caston,* 556 F.2d at 1310.

of evidence and in cross-examination.[6]  The court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.[7]

As to the complexity of the discrimination claim brought by the plaintiff, the Court notes that the plaintiff stated that she presented her discrimination claims to the EEOC and was a direct participant in the circumstances that form the basis of her EEO complaint.  The centerpiece of plaintiff's allegations of multiple forms of discrimination (race, color, sex) appear to involve a solo instance of being terminated from her part-time position in the library effective June 30, 2005.  Although it is difficult to determine at this early stage of the proceeding that either that cross-examination of witnesses will be required or that the case is susceptible of summary disposition, the Court notes that plaintiff is well-educated (4 years of college level work).  Additionally, the plaintiff directed the investigation of her case up to the date of the filing of the subject complaint.

The Court recognizes that every litigant benefits by having an attorney.  However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case, such that her situation justifies the special benefit of having counsel appointed to represent her.  As aforestated, plaintiff was very articulate[8] and had no difficulty presenting the circumstances of her case of alleged discrimination to the undersigned in the context of the telephone hearing.  Moreover, the plaintiff is admittedly adept at research using library facilities including the internet.  Plaintiff has failed to make the requisite showing.

---

[6]*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992);  *Ulmer*, 691 F.2d at 213.

[7]*Id.*

[8]*See* Plaintiff's Correspondence dated September 28, 2007 (requesting an extension of the investigation of her complaint of discrimination and equal pay act violations) [Rec. Doc. #1-2].

For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel at this early stage of the proceedings. Accordingly,

**IT IS ORDERED** that Ganheart's application for appointment of counsel is DENIED.

## OBJECTIONS

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Additionally, plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24th day of January, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**